United States District Court
Southern District of Texas
**ENTERED**
September 25, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Cornelia Demers-Sborov, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-18-4012 |
| Nancy Berryhill, | § § | |
| Defendant. | § § | |

## Opinion on Summary Judgment

1.  *Introduction.*

    The question in this action is whether substantial evidence supports the commissioner's decision that Cornelia Demers-Sborov is not disabled under the terms of the Social Security Act. It does.

    Demers-Sborov brought this action for judicial review of the commissioner's final decision denying her claims for disability insurance benefits. 42 U.S.C. §§ 405(g), 416(i) and 423. Both sides have moved for summary judgment.

2.  *Standard of Review.*

    Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree but, those where governmental regularity has lapsed into an exercise of mere will.

    A decision unsupported by substantial evidence must fail. Substantial

evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary. *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3.  *The Statutory Criteria.*

    The statutory social security regulations prescribe a five-step process to evaluate whether an individual is disabled. First, the reviewing officer must determine whether the claimant was participating in substantially gainful activity. Second, the claimant must have a medically determinable impairment that is severe or a combination of impairments that are severe. Third, the severity of the claimant's impairments must equal the criteria of an impairment listed in 20 CFR. Furthermore, Paragraph B of this section stipulates that mental impairments must result in at least one extreme or two marked limitations in broad areas of functioning which are: (a) understanding, remembering, or applying information; (b) interacting with others; (c) concentrating, persisting, or maintaining pace; and, (d) adapting or managing themselves. Fourth, the reviewing officer determines the claimant's residual functional capacity to perform requirements of her past relevant work. Fifth, the claimant's ability to do other work must be evaluated based on her residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4).

4.  *Background.*

    On February 23, 2015, Demers-Sborov applied for disability benefits. Demers-Sborov said that she was disabled because of cervical disc degeneration that caused nerve compression, vertigo, headaches, and lower back pain into both legs. Her claim was first denied on July 24, 2015, and denied upon reconsideration on October 15, 2015. Demers-Sborov then filed a written request for hearing. She testified at the hearing that she cannot work as an associate professor because she cannot stand or sit for too long. She also cannot write or use a chalkboard because of pain and numbness in her arms. After the

hearing on June 28, 2017, an administrative law judge denied Demers-Sborov disability benefits. The Appeals Council denied Demers-Sborov's request for review on July 25, 2018.

5. *Application.*

The officer adhered to the five-step process and properly found that Demers-Sborov is not disabled.

A. *Step One*

Demers-Sborov has not engaged in substantial gainful activity since August 24, 2013, the alleged onset date.

B. *Step Two*

The officer identified cervical disc degeneration with a history of radiculopathy, vertiginous syndromes, and vestibular system disorders as severe impairments significantly limiting Demers-Sborov's ability to perform basic work activities.

C. *Step Three*

Demers-Sborov does not have an impairment or combination of impairments that meet the severity of a listed impairment under 20 CFR. She does not satisfy the statute's definition of spinal disorders because there is no evidence of significant cord compression or motor loss. In fact, Demers-Sborov's motor strength was 5/5 in 2013. Demers-Sborov also does not satisfy the statute's definition of vestibular disorders. Although she complains of dizziness, 20 CFR requires frequent attacks of balance disturbance, tinnitus, and progressive hearing loss that are absent from the record.

There is no evidence of other limitations warranting disability benefits. Demers-Sborov's application for disability fails this step.

D. *Step Four*

The officer found that Demers-Sborov has the residual functional capacity

to perform sedentary work that may occasionally require reaching, handling, and typing on a computer. She cannot climb ladders, ropes, or scaffolds. She must also avoid exposure to unprotected heights, moving machinery, and slippery or uneven surfaces.

Although Demers-Sborov's medically determinable impairments could reasonably be expected to cause her symptoms, her statements about the intensity, persistence, and limiting effects of her symptoms are inconsistent with the evidence in the record. Demers-Sborov described extreme limitations on daily life. However, her physical exams do not indicate significant nerve compression or cervical disc degeneration disproportionate to her age.

There is also substantial evidence that Demers-Sborov can perform sedentary work. The medical record does not indicate significant cord compression or motor loss. In fact, Demers-Sborov did not exhibit any dizziness, limited cervical motion, or generalized muscle tenderness in a 2014 examination. Demers-Sborov's descriptions of her limitations are also inconsistent. Although she said she cannot sit or stand for too long, Demers-Sborov also said that she has traveled between Massachusetts and Arizona since the alleged onset date. Demers-Sborov cannot sit or stand for too long while teaching, but can sit or stand for the duration of a cross-country trip.

E. *Step Five*

Based on her residual functional capacity, the officer concluded that Demers-Sborov could perform her past relevant work as an associate professor. The vocational expert testified that Demers-Sborov's past position fit within the limitations of sedentary work and that there are other jobs available that would meet the reviewing officer's criteria. For example, the vocational expert suggested Demers-Sborov could be a consultant given her limitations.

6. *Conclusion.*

The decision of the commissioner denying Demers-Sborov's claim for disability insurance benefits is supported by substantial evidence and should be affirmed.

Signed on September 25, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge